IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & PENSION FUND, | ) ) ) ) ) ) ) ) | Case No. 13-cv-02030<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Mary M. Rowland |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NETTLETON SPECIALIZED CARRIER, INC., | ) ) | |
| Defendant. | ) ) | |

**MOTION FOR JUDGMENT BY CONFESSION**

Plaintiff Michael Haffner, as Trustee of the Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund and of the Chauffeurs, Teamsters & Helpers Local Union No. 301 Pension Fund, moves for judgment by confession against Defendant Nettleton Specialized Carrier, Inc. ("Nettleton"), and in support thereof states:

1.     This case arises pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect delinquent employee benefit fund contributions.

2.     The complaint in this matter was filed with the Court on March 15, 2013.

3.     Nettleton was served with summons and complaint on March 24, 2013, as more fully appears from the "Affidavit of Process Server" attached as Exhibit 1.

4.     More than twenty-one (21) days have elapsed since service of process upon Nettleton, which has failed to appear, answer, or otherwise respond to the complaint and is

therefore in default.  Nettleton's appearance was due on or before April 15, 2013.

5.      735 ILCS 5/2-1301(c) provides:

Except as otherwise limited by this subsection (c), any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding.

735 ILCS 5/2-1301(c) (West 2012).

6.      As more fully appears in the complaint, after judgment was entered for the

Plaintiff for delinquent employee benefit fund contributions on December 9, 2009, Nettleton

executed an Installment Judgment Note ("2009 Note").  Upon Nettleton's default under the 2009

Note, Nettleton executed a Second Installment Agreement ("2012 Installment Agreement").

Both the 2009 Note and the 2012 Installment Agreement contain Acceleration and Confession of

Judgment provisions. (Complt. ¶¶9-13; Complt. Ex. A at 2-3; Complt. Ex. B at 5).

7.      The 2012 Installment Note expressly provides:

Acceleration.   In the event the Employer fails to make any payment required by this Second Installment Agreement or any timely current contribution to the Funds when due, the remaining unpaid balance (including delinquent contributions, liquidated damages and interest), plus all attorneys' fees and costs incurred by Funds in collecting the unpaid balance, shall be immediately due and payable to the Funds.

Confession of Judgment.  Upon acceleration in accordance with Paragraph 22 [sic], the Employer hereby waives notice and presentment and authorizes any attorney of any court or record to enter appearance and confess judgment against it for the balance due and owing under this Agreement, any contractual delinquencies in current contributions, and the costs and reasonable attorneys' fees incurred in enforcing the Employer's obligations hereunder.

(Complt. Ex. B at 5).

8.      In addition, the parties agreed in the 2012 Installment Agreement that

2

enforcement of the 2012 Installment Agreement shall be vested exclusively in the United States District Court for the Northern District of Illinois, Eastern Division. (Complt. Ex. B at 8, ¶38).

9.      As evinced by the affidavit of Michael Haffner, attached to the Complaint, Nettleton has failed to make the payments required by the 2012 Installment Agreement. (Complt. ¶14, 15; Complt. Ex. C at 1, ¶¶5-6).

10.      Nettleton owes $110,240.00, the outstanding balance due on the 2012 Installment Agreement. (Complt. ¶14; Complt. Ex. C at 2 ¶4).

11.      In addition, for October and November 2012, Nettleton owes a total of $7,075.20 to the Health & Welfare Fund, and a total of $6,336.00 to the Pension Fund. (Complt. ¶¶16-17, Complt. Ex. C at 2 ¶¶7-8).

12.      Plaintiff has incurred attorneys' fees and costs associated with pursuing this matter totaling $2,464.00, from March 15, 2013 through May 19, 2013. (See Declaration of Martin P. Barr, attached as Exhibit 2.) This amount continues to accrue.

WHEREFORE, Plaintiff requests that this Court enter an order of judgment by confession pursuant to 735 ILCS 5/2-1301(c) in the following amounts:

A) A total amount on behalf of Plaintiff of $ 129,824.74, which includes:

- The remaining balance on the 2012 Installment Agreement of $110,240.00, plus $3,307.20 in statutory interest pursuant to IRC 6621(a)(2);

- The contributions and liquidated damages due and owing to the Health & Welfare Fund for October and November, 2012 totaling $7,075.20, plus $212.26 in statutory interest pursuant to IRC 6621(a)(2);

- The contributions and liquidated damages due and owing to the Pension Fund for October and November, 2012 totaling $6,336.00, plus $190.08 in statutory interest pursuant to IRC 6621(a)(2); and

- Reasonable attorneys' fees and costs incurred by the Funds in pursuing this action, in the amount of $2,464.00, which continue to accrue, plus any additional reasonable attorney fees and costs incurred in pursuing this action; and

B) Any other relief this Court deems just and appropriate.

Respectfully submitted,


_s/Martin P. Barr_
Martin P. Barr,
Attorney for Plaintiff

CARMELL CHARONE WIDMER
  MOSS & BARR
One East Wacker Drive, Suite 3300
Chicago, Illinois 60601
(312) 236-8033

Dated: May 24, 2013

## VERIFICATION

I, Michael B. Haffner, verify under penalty of perjury that the facts stated in the

foregoing Motion for Judgment by Confession are true and correct.

Executed on the _23rd_ day of May, 2013.

_(signature)_
Michael B. Haffner

SUBSCRIBED AND SWORN TO
before me this _23rd_ day
of _May_, 2013.

_(signature)_
NOTARY PUBLIC

"OFFICIAL SEAL"
BARBRA D MOELLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-14-16

## <u>CERTIFICATE OF SERVICE</u>

Martin Barr, an attorney, states that the foregoing **Motion For Judgment By Confession** is being served via ECF this 24th day of May, 2013 on the following:

> Louis W. Brydges, Jr.
> Lou Brydges & Associates, P.C.
> 201 West Winchester Road
> Libertyville, IL 60048
> loubrydges@brydgeslaw.net

and on the following by regular mail by depositing the same in the U.S. Postal Service mail chute at 1 E. Wacker Dr., Chicago, Illinois with proper postage prepaid before 5:00 p.m. on this 24th day of May, 2013

> William B. Nettleton, Jr.
> Nettleton Specialized Carriers, Inc.
> 3320 Cardington Way
> McHenry, IL  60050

> *s/Martin P. Barr*
> _____
> Martin P. Barr
> CARMELL CHARONE WIDMER
>   MOSS & BARR
> Attorney for Plaintiff Michael Haffner
> One East Wacker Dr., Suite 3300
> Chicago, Illinois 60601
> (312) 236-8033